Lauren M. Rule (OSB #015174)
Elizabeth H. Zultoski (OSB #105482)
ADVOCATES FOR THE WEST
3115 NE Sandy Blvd., Ste. 223
Portland, OR 97232
(503) 914-6388
lrule@advocateswest.org
ezultoski@advocateswest.org

David H. Becker (OSB # 081507)
Law Office of David H. Becker, LLC
833 SE Main Street, #302
Portland, OR 97214
(503) 388-9160
davebeckerlaw@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **OREGON WILD, FRIENDS OF LIVING OREGON WATERS,** and **WESTERN WATERSHEDS PROJECT,**<br><br>            Plaintiffs,<br><br>    v.<br><br>**CONSTANCE CUMMINS,** Forest Supervisor, Fremont-Winema National Forests, **U.S. FOREST SERVICE,** a federal agency, **LAURIE R. SADA,** Field Supervisor, Klamath Falls Office, **U.S. FISH & WILDLIFE SERVICE,** a federal agency,<br><br>            Defendants,<br><br>**ED GARRETT RANCH, INC.**, an Oregon Corporation, **PHILIP GROHS,** dba Grohs Ranch, **MATT OWENS,** an individual, **ADAM OWENS,** an individual, **KNESS CATTLE, INC.**, and Oregon Corporation, **CAIN RANCH LLC,** an Oregon Limited Liability Company, **STEVE SIMMONS,** an individual, **HOLIDAY RANCHES, INC.**, a California Corporation, and **C&A VOGT COMMUNITY PROPERTY TRUST,** a California Trust,<br><br>            Defendant-Intervenors. | CASE NO. 1:15-cv-1360-CL<br><br>DECLARATION OF ERIK MOLVAR IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO BILL OF COSTS |

I, Erik Molvar, declare:

1. I am the Executive Director for Western Watersheds Project ("WWP") and reside in Laramie, Wyoming. The following matters are personally known to me, and if called as a witness I would and could truthfully testify thereto.

2. The mission of WWP is "to protect and restore western watersheds and wildlife through education, public policy initiatives, and legal advocacy." Since 1993, WWP has been advocating for the enhanced protection of imperiled species like Lost River and shortnose suckers through its work to protect public lands for all kinds of wildlife. WWP has been involved in advocacy surrounding the management and protection of public lands from livestock grazing impacts in Oregon since 1998, and within the Fremont-Winema National Forest since 2009. WWP has worked in the following ways: by documenting impacts of livestock on wildlife, water, and public lands; commenting on federal livestock grazing and other land management decisions; advocating for improved protections of public lands; and suing to enforce environmental laws. In addition to working to protect Lost River and shortnose suckers and their habitat, WWP has focused on protecting other species from negative effects of livestock grazing authorized by the Fremont-Winema National Forest, including Oregon spotted frog and bull trout. WWP has approximately 1400 members in Oregon and throughout the West.

3. In this case, Western Watersheds Project challenged the ESA consultation and other agency decisions due to serious concerns about the effects that those decisions allow livestock grazing management to have on the critically endangered suckerfish and their critical habitat in the Lost River basin. We brought this litigation in good faith due to these concerns.

4. To serve its mission, WWP engages in public involvement processes, advocacy efforts, and litigation across many western states. WWP has participated in dozens of lawsuits

DECLARATION OF ERIK MOLVAR IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO    1
BILL OF COSTS

across the western states but has never before had the federal government seek costs in the limited instances in which our organization has not prevailed. Disturbingly, Oregon is one of only a few federal districts that we are aware of where courts have assessed costs for the administrative record against non-profit conservation organizations. We understand that cost bills in these jurisdictions have ranged widely, from no costs, to partial costs, to full costs that range into the thousands, or even tens of thousands of dollars. This is particularly disturbing because it makes it impossible for WWP to adequately assess the risks that costs pose before filing suit, especially as cases drag on through changes in administration or federal personnel at the agencies or U.S. Attorney or Department of Justice offices.

5. We are seriously concerned and frustrated that the defendants are seeking costs against the Plaintiffs in this case for tasks related to the production of the administrative record. The agencies are obligated under federal law to prepare administrative records for all decisions and produce those records free of charge to organizations like ours under the Freedom of Information Act ("FOIA").

6. I was Executive Director of Biodiversity Conservation Alliance ("BCA") from 2004 to 2013. In 2012, BCA was assessed a $5,000 costs fee in a case challenging an *in situ* uranium mine. As with all non-profits, BCA operated on a relatively slender cash-on-hand, and the unforeseen assessment had a negative impact on the organization's budget, raising concerns expressed by the Board of Directors. When I left the organization in 2013, it had 6 months' operating cushion, but when it shut down eight months later I was told that it had run out of funding and had to close its doors as a result. The cash award against BCA in 2012 contributed to a cumulative cash flow problem that ultimately eliminated the organization and cost its four full-time employees their jobs.

DECLARATION OF ERIK MOLVAR IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO   2
BILL OF COSTS

7.      A cost award in this case would have a chilling effect on WWP and its ability to fulfill its mission and protect its interests and the interests of its members and the public. WWP is a small non-profit with a limited budget and the imposition of cost bills in Oregon will likely deter us from seeking to vindicate our injuries in federal court in this state. We fear that if our organization and other non-profits are deterred from seeking redress of their injuries from agency decisions due to these cost bills, Congress's intent in providing for citizen enforcement of federal environmental laws will be frustrated. I believe WWP is the only regional organization with a primary focus on the negative impacts of livestock grazing on western public lands; if we are deterred from seeking redress in Oregon courts, I worry that federal management of livestock grazing on public lands within the state will escape important scrutiny both inside and outside the courtroom.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 5th day of April, 2017, in Laramie, Wyoming

*/s/ Erik Molvar*

Erik Molvar

DECLARATION OF ERIK MOLVAR IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO   3
BILL OF COSTS